1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| BENNIE DIXON, | CASE NO. 08cv1764 JM(BLM) |
|---|---|
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION; DENYING MOTION TO STAY |
| vs. | |
| DERRAL G. ADAMS, | |
| Respondent. | |

Petitioner Bennie Dixon has filed Objections to Magistrate Judge Barbara Major's Report and Recommendation re: Notice of Possible Dismissal and for Conditional Order Granting Motion to Dismiss ("R & R") and separately moves, pursuant to in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), to stay this action pending exhaustion of Grounds One through Three in state court. Respondent replies to the Objections and opposes Petitioner's motion to stay.

**The Objections**

Petitioner appears to object to the R & R's finding that Grounds One through Three were unexhausted. However, Petitioner fails to distinguish the legal authorities and portions of the record relied upon in the R & R. Rather than respond a second time to the same arguments, the court rejects this portion of the Objections and adopts the R & R in its entirety.

**The Stay-and-Abeyance Procedure**

Petitioner requests that the court stay the pending proceedings to permit him to exhaust

1 Grounds One through Three in state court. The court denies the motion to stay. As set forth in the
2 R & R, in Rhines the Supreme Court held that the district court could grant a stay of a federal
3 habeas petition containing both exhausted and non-exhausted claims if the petitioner had good
4 cause for the failure to first exhaust state court claims. The Supreme Court held that a district court
5 has discretion to issue a stay to hold a habeas petition in abeyance while the habeas petitioner
6 returns to state court to exhaust unexhausted claims. Id. at 273-74.

7 In Rose v. Lundy, 455 U.S. 509, 522 (1982), which was decided fourteen years prior to
8 Congress's adoption of AEDPA, the Supreme Court held "that federal district courts may not
9 adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and
10 unexhausted claims." The Supreme Court "reasoned that the interests of comity and federalism
11 dictate that state courts must have the first opportunity to decide a petitioner's claim." When the
12 Supreme Court decided Lundy, however, there was no statute of limitations on filing a federal
13 habeas petition. Therefore, it was relatively easy for petitioners to return to state court to exhaust
14 their previously unexhausted claims before returning to federal court. The "enactment of AEDPA
15 in 1996 dramatically altered the landscape for federal habeas corpus petitions." Rhines, 444 U.S.
16 at 275. "Although the limitations period is tolled during the pendency of a 'properly filed
17 application for State post-conviction or other collateral review,' ... the filing of a petition for
18 habeas corpus in federal court does not toll the statute of limitation." Id. Thus, many petitioners
19 who come to federal court with mixed petitions risk the loss of federal review of their unexhausted
20 claims. To alleviate this problem, some courts adopted the "stay-and-abeyance" procedure:
21 "Under this procedure, rather than dismiss the mixed petition pursuant to Lundy, a district court
22 might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust
23 his previously unexhausted claims." Id. at 1534.

24 In exercising discretion to stay a mixed petition, the Supreme Court noted that the
25 procedure "should be available only in limited circumstances," and is appropriate only when the
26 district court determines that there was "good cause" for the failure to exhaust. Id. at 1535;
27 Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005). The district court must make this determination
28

consistent with AEDPA's twin purposes to (1) to "'reduce delays in the execution of state and federal criminal sentences;'" and (2) require prisoners to seek state relief first, thereby "streamlining federal habeas proceedings." The Supreme Court concluded that the frequent use of the stay-and-abeyance procedure would "undermine these twin purposes" and, therefore, the procedure should only be available where: (1) "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court;" (2) the unexhausted claims are not meritless; and (3) petitioner acts with reasonable diligence to exhaust the unexhausted claims.

Here, Petitioner fails to show that the stay-and-abeyance procedure is available under the circumstances. First, Petitioner fails to establish good cause for failure to exhaust his state claims. The court notes that "good cause" is a flexible concept designed to permit the court to take into account all relevant circumstances bearing on a petitioner's ability to timely prosecute a petition for writ of habeas corpus. "Good cause" is a less stringent standard than the extraordinary circumstances standard applied in the equitable tolling context. See Jackson 425 F.3d at 661-62. In considering factors bearing on good cause, the court must keep in mind AEDPA's twin purposes to reduce delays in the execution of state and federal criminal sentences and to require prisoners to pursue state relief before coming to federal court. See Rhines, 544 U.S. at 275-77. Petitioner fails to explain why he did not timely seek review of Grounds One through Three. Consequently, he fails to establish good cause. Second, Petitioner's arguments on the merits appear weak. Grounds One and Two allege ineffective assistance of appellate counsel and Ground Three alleges hat he was denied due process by the trial court when it made several trial errors. The court notes that ineffective assistance of appellate counsel claims are rarely successful as a petitioner must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland v. Washington, 466 U.S. 668, 689 (1984). Moreover, Petitioner's appellate counsel explains that there was insufficient proof to make the allegations Petitioner claims he failed to make. (Respondent Exh. A). Accordingly, this factor weighs against granting the motion to stay. Finally, Petitioner fails to show that he has acted with reasonable diligence in pursuing his claims. Petitioner was on notice of these claims in 2006 and

1 | early 2007 yet failed to timely assert these claims in state court.

2 |     The court concludes that Petitioner has failed to satisfy the prerequisites to granting the
3 | stay-and-abeyance procedure.  Consequently, the motion is denied.

4 |     In sum, the court adopts the Report and Recommendation in its entirety, denies the motion
5 | to stay, and dismisses Grounds One through Three as unexhausted.  Accordingly, the court strikes
6 | the unexhausted claims from the Petition and orders the parties to proceed to the merits and
7 | address the exhausted claim, Ground Four.

8 |     **IT IS SO ORDERED.**

9 | DATED:  June 11, 2009

10 |
11 |                                                   Hon. Jeffrey T. Miller
                                                 United States District Judge

12 | cc:        All parties
             Magistrate Judge Major